# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ID No.: 1609004631A |
| v. | ) | |
| | ) | |
| **TYRIK SPENCER,** | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: April 5, 2021
Decided:  April 22, 2021

## ON DEFENDANT'S MOTION FOR POST CONVICTION RELIEF: DENIED

## <u>OPINION AND ORDER</u>

*Amanda Buckworth, Deputy Attorney General,* Office of the Attorney General, Carvel State Office Building, 820 N. French Street, 7th floor, Wilmington, Delaware, *Attorneys for Plaintiff.*

*Mr. Tyrik Spencer,* SBI: 00320684, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *Pro-Se Defendant*

**Jones, J.**

## INTRODUCTION

On July 3, 2019, Defendant Tyrik Spencer filed a Motion for Post Conviction Relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 Motion"). Defendant was appointed counsel, who filed a Motion to Withdraw on September 8, 2020. The Motion to Withdraw was granted on February 1, 2021. Defendant was granted leave to proceed *pro-se*. For the reasons stated below, Defendant's Motion for Postconviction Relief is Denied.

## BACKGROUND AND PROCEDURAL HISTORY

On September 6, 2016, New Castle County Police arrested Tyrik Spencer on drug and firearm charges stemming from a traffic stop. On December 5, 2016, a grand jury indited Mr. Spencer on a number of charges. On February 8, 2017, Spencer's trial counsel filed a motion to suppress evidence. This Court denied that motion after a hearing. On July 13, 2017, a jury found Mr. Spencer guilty of two counts of Drug Dealing, Aggravated Possession, two counts of Possession of a Firearm During the Commission of Felony and Possession of Drug Paraphernalia. Defendant was declared a habitual offender as to one count of Possession of a Firearm During the Commission of Felony. The Court sentenced Mr. Spencer to the minimum of 32 years of unsuspended Level 5 time, followed by probation.

Mr. Spencer filed a timely notice of appeal. The Delaware Supreme Court held the Superior Court did not abuses its discretion in denying the motion to suppress and affirmed his convictions and sentence.

2

After the Supreme Court rejected Spencer's appeal, Spencer filed a timely Motion for Post-Conviction relief. In his motion Defendant asserted 3 grounds for relief. Simultaneously, Mr. Spencer requested appointment of counsel to assist with his postconviction relief efforts under Rule 61(e)(2). The Court appointed Patrick Collins to assist Mr. Spencer with his postconviction relief efforts. Collins and Kimberly Price ultimately found no meritorious claims for postconviction relief in September 2020 and moved to withdraw. The Court granted Collins and Price's motion to withdraw and allowed defendant to proceed pro se.

In his direct appeal the Delaware Supreme Court found the following relevant facts.

> On September 6, 2016, multiple police officers were patrolling in the Llangollen area, which includes a development known as Buena Vista. The New Castle County Police had received multiple complaints about street-level illegal drug dealing in the area. Around Noon, an undercover officer saw Tyrik Spencer on Buena Vista Drive riding a bicycle on the wrong side of the road while smoking what appeared to be a marijuana cigar. He radioed another officer, Andrew Rosaio, who saw Spencer stop alongside the driver-side window of a vehicle, speak with the driver, and hand the driver the marijuana cigar. Officer Rosaio approached Spencer and smelled the "odor of burnt marijuana." He detained Spencer and the driver of the vehicle, placing them in handcuffs and putting them in the police car. The Officer later testified that "[it] was a drug investigation from that point forward."
>
> The Officer conducted a "probable cause search" and found a bundle of heroin in the driver's shoe. The Officer searched Spencer and found two cell phones and a key to a townhouse at 15 Vista Court in Buena Vista in his pockets. The police read the driver his Miranda rights and then questioned him. The driver first stated that he already had the heroin when he came to speak with Spencer. Later, still during the stop, he admitted that he came to

3

the neighborhood to purchase heroin from Spencer, which he then hid in his shoe. Spencer told the Officer that he came from his girlfriend's house at 15 Vista Court. The police contacted Spencer's girlfriend, who identified herself as Spencer's wife and stated that she saw Spencer leave 15 Vista Court on his bike around noon, which was around the time the police officers stopped Spencer.

Officer Rosaio applied for a warrant to search 15 Vista Court, and supported the request with the following facts:

• Spencer contacted the driver through the driver side window, holding what appeared to be a marijuana cigar;
• When Officer Rosaio approached the car, he smelled burnt marijuana and saw Spencer discretely hand the marijuana cigar to the driver;
• The Officer located two cell phones, and he knew drug dealers often used multiple phones to conduct illegal drug transactions;
• He found a white substance that field-tested as positive heroin in the driver's shoe;
• The driver admitted to the Officer that he came to Buena Vista to buy heroin from Spencer for $35; and
• Spencer had just left 15 Vista Court, had a key to the townhouse in his pocket, and his wife confirmed he had left the townhouse on his bicycle just before being stopped by police.

The court issued the search warrant for the townhouse, which the officers executed and found cash, guns, ammunition, drugs, and drug paraphernalia.

## GROUNDS FOR RELIEF

Defendant states two grounds for relief which I summarize as follows:

1. Ineffective Assistance of trial counsel in that counsel did not effectively argue the suppression motion. First Defendant argues that trial counsel did not challenge the original stop. Second Defendant maintains that "counsel failed to effectively argue that the officers lied to the Magistrate Judge in

4

order to obtain the warrant because Officer Rosaio did not include in the search warrant affidavit that Mr. Malandruccolo initially told the police he obtained the heroin prior to meeting the defendant. Defendant's final claim about trial counsel is that "counsel failed to request the complete video."

2. Ineffective assistance of appellate counsel in that counsel failed to present all potentially meritorious claims for relief.

### III. PROCEDURAL BARS UNDER RULE 61(i)

Before addressing the substance of the arguments contained in Defendant's instant Motions, I will first address whether any procedural bars to relief contained in Rule 61 apply.

First, a motion for postconviction relief under Rule 61 is untimely if it is filed more than one year after a conviction is finalized. In this case, Spencer's initial Rule 61 Motion was filed within this time frame, and the Court granted Spencer leave to amend his Motion after he was appointed an attorney to assist his postconviction relief efforts. This bar does not apply.

Next, second or subsequent Rule 61 motions are not permitted and will be summarily denied unless certain limited exceptions apply. The Rule 61 Motion and the Amended Motion represent Defendant's first such motion, and this bar to relief does not apply.

5

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the moving party can show "cause for relief" and "prejudice from [the] violation."[1]  Defendant has asserted several such grounds for relief, which are noted below.  These grounds for relief are barred.

Fourth, grounds for relief which were previously adjudicated are barred. Defendant previously asserted several of the grounds for relief contained in his Rule 61 Motion, which are noted below.  These arguments are procedurally barred.[2]

Finally, procedural bars to relief do not apply to claims that the Court lacked proper jurisdiction over the case, to claims that plead with particularity that new evidence exists which creates a strong inference that a defendant is actually innocent, or that a new and retroactively applicable rule of Constitutional law renders a conviction invalid.  Defendant makes no such claims in either of the instant motions.

The framework governing ineffective assistance of counsel claims was most famously articled by the Supreme Court of the United States in *Strickland v. Washington* (1984).  Under *Strickland,* in order to establish that a defendant received ineffective assistance of counsel, a defendant is required to demonstrate that both: (1) defense counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's

---

[1] Rule 63(i)(3)

[2] Defendant has characterized many of his grounds for relief as ineffective assistance of counsel claims.  Claims of ineffective assistance of counsel can only be raised on a motion for postconviction relief.  Accordingly, these claims are not procedurally barred.  *See State v. Belfield* (Del. Super. Mar. 9, 2021).

unprofessional errors, the result of the proceeding would have been different.[3] If a defendant cannot prove both prongs of this standard, then their ineffective assistance of counsel claim will fail as a matter of law. Mere allegations of ineffectiveness will not suffice to meet this standard. Instead, a defendant must make and substantiate concrete allegations of actual prejudice.[4] A defendant pleading an ineffective assistance of counsel claim must also overcome the strong presumption that their counsel's performance fell within the wide range of reasonable professional assistance.[5] This includes a strong presumption that defense counsel's conduct constituted sound trial strategy.[6] Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment" and "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[7] Accordingly the Supreme Court of the United States had stated that "surmounting Strickland's high bar is never an easy task."[8]

## CLAIMS AS TO TRIAL COUNSEL

Within his first claim for relief, Mr. Spencer raises three subclaims related to trial counsel's performance regarding the suppression motion and hearing. To the

---

[3] *See Strickland v. Washington,* 466 U.S. 668, 694 (1984)
[4] *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. Nov. 8, 2003) (*overruled on other grounds*).
[5] *See Strickland*, 466 U.S. at 689
[6] *Id.; Flamer v. State*, 585 A.2d 736, 753-54 (Del. Dec. 21, 1990).
[7] *Strickland* at 691; 697.
[8] *Harrington v. Richter*, 562 U.S. 86, 105 (2011)

extent Mr. Spencer is trying to relitigate the suppression motion, this ground for relief is procedurally barred under Rule 61(i)(4) because the motion to suppress was litigated in the Superior Court and affirmed by the Supreme Court.[9] Neither of the exceptions under Rule 61(d)(2) are applicable as Mr. Spencer has not alleged that the new evidence exists or that a new rule of constitutional law applies.[10] Even if his ineffective assistance of counsel claim is not procedurally barred, the suppression issue does not give rise to a postconviction claim.

First, Mr. Spencer argues that trial counsel did not effectively argue the motion to suppress; specifically, he failed to challenge the original stop.[11]

Trial counsel did raise an argument regarding the lawfulness of the stop in his written motion and at oral arguments.[12] Specifically in his motion, counsel contends that the police failed to establish reasonable, articulable suspicion that Mr. Spencer was engaging, had engaged, or was about to engage in criminal activity.[13] The Court disagreed and found there was reasonable articulable suspicion for the stop.[14] The Court's decision was affirmed by the Supreme Court.

In his *pro se* motion for post conviction relief, Mr. Spencer states that the Court and the prosecutor "agreed that pretextual stops in Delaware are illegal,"[15] citing to the suppression hearing transcript. This is incorrect. At the hearing, the

---

[9] *Id.* at 694.
[10] Super. Ct. Crim. R. 61(d)(2).
[11] A508-513.
[12] A71-72; A136-137.
[13] A72.
[14] A166-170.
[15] A509.

Court asked the prosecutor whether pretextual stops are void under Delaware law.[16] The prosecutor initially appeared to answer "yes", but clearly stated that even if it was a pretextual stop, it was not unconstitutional.[17] The Court noted that "it's split,"[18] and later made it clear that pretextual stops are not unconstitutional.[19]

In *State v. Heath*,[20] which the Court referenced during the hearing, the Superior Court held that the Delaware Constitution prohibits purely pretextual stops.[21] *Heath* is an outlier case in Delaware jurisprudence, and courts have declined to follow it.[22] In Delaware, a stop can be based on pretext, so long as there is probable cause for a legitimate violation.[23]

Based on case law, trial counsel's performance was not deficient for failing to raise the pretextual stop argument. This argument would not have been successful given that the Delaware courts have consistently declined to follow *Heath*. Here, police observed Mr. Spencer commit a traffic offense by operating his bike on the wrong side of the roadway and commit a drug offense by possessing a marijuana cigar. As this Court explained in its decision denying the motion to suppress, police had not only reasonable, articulable suspicion to stop Mr. Spencer, but also probable cause to believe that Spencer had committed a crime. Although the traffic stop may

---

[16] A145.
[17] A145-146.
[18] A146.
[19] A166-167.
[20] 929 A.2d 390 (Del.Super. 2006).
[21] *Id.* at 402.
[22] *See Turner v. State*, 25 A.3d 774, 777 (Del. 2011); *State v. Stevens*, 2017 WL 2480803, at *2 (Del.Super. June 8, 2017); *State v. Walker*, 177 A.3d 1235, 1243 (Del.Super. 2018), *rev'd on other grounds*.
[23] *See Murray v. State*, 45 A.3d 670, 674 (Del. 2012).

9

have been pretextual in the sense that it was not solely about a traffic violation, the Court found the stop was supported by reasonable, articulable suspicion and probable cause for a traffic violation.[24] In other words, while the traffic stop might have been pretextual, the officer in this case had an objectively valid basis for believing that the driver had committed a traffic violation.

In his second subclaim, Mr. Spencer alleges that "counsel failed to effectively argue that the officers lied to the Magistrate Judge in order to get the warrant."[25] Officer Rosaio did not include in the search warrant affidavit that Mr. Malandruccolo initially told police he obtained the heroin prior to meeting Mr. Spencer. At the hearing, Rosaio testified that Malandruccolo eventually said he obtained the heroin from Mr. Spencer and intended to buy a bundle for $35. When asked by the Court whether it was normal to omit this information from the warrant, Rosaio answered "I guess in that circumstance, or in circumstances similar, yes."[26]

In his *pro se* motion, Mr. Spencer contends that the Court stated the officers "had possibly misled the magistrate judge…" by failing to include the information about Malandruccolo's initial statement to police.[27] Again, this is incorrect. This Court specifically expressed "I don't think they misled the magistrate."[28] The Court elaborated that it did not seem too relevant that Malandruccolo lied about where he

---

[24] A166-168.
[25] A513.
[26] A119-120.
[27] A513-514.
[28] A78; A180.

obtained the heroin in the first instance."[29] This Court found the stronger argument was the fact that the heroin was located Malandruccolo's shoe and he said he was going to buy it from Mr. Spencer.[30] This Court addressed this issue raised by Mr. Spencer. Trial counsel's performance was neither deficient nor prejudicial.

In his last subclaim, Mr. Spencer argues that "counsel failed to request the complete video."[31] At the beginning of the suppression hearing, there appeared to be confusion about the videos submitted by the State.[32] After some discussion, the parties cleared up the misunderstanding and clarified what video clips the Court should have received.[33] The State sent the relevant body camera footage to counsel prior to the hearing. Trial counsel could have submitted additional clips at the hearing that he thought were relevant. The portions of the video submitted by the State were relevant for purposes of the suppression motion. Trial counsel's failure to provide additional video clips does not rise to a postconviction claim of ineffective assistance of counsel.

### APPELATE COUNSEL

Mr. Spencer argues that "appellate counsel failed to present all potentially meritorious claims for relief."[34] Specifically, he contends that appellate counsel did not raise the three arguments set forth above under the claim related to trial counsel's

---

[29] A180.
[30] *Id.*
[31] A514.
[32] A93.
[33] A93-95.
[34] *Id.*

11

ineffectiveness.[35]  To the extent Mr. Spencer is arguing that appellate counsel should have argued ineffective assistance of trial counsel on direct appeal, this claim is barred.  In Delaware, the Supreme Court will not consider ineffective assistance of counsel claims for the first time on direct appeal.[36]  Appellate counsel's performance was not deficient for failing to raise ineffective assistance of counsel allegations on appeal.  This does not give rise to a post conviction claim.

If Mr. Spencer is arguing that appellate counsel should have raised the underlying arguments related to the motion to suppress, this does not give rise to a post conviction claim.  The Delaware Supreme Court has held that "appellate counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."[37]  Appellate counsel's argument focused on the scope and duration of the initial stop, the lack of probable cause for the search warrant, and the lack of nexus between the evidence sought and 15 Vista Court.[38]  Appellate counsel was not obligated to "present all potentially meritorious claims."[39]  Rather, she can use her professional judgment to determine which claims to raise on appeal.

---

[35] *Id.*

[36] *Sykes v. Stat*, 2012 WL 5503846, at *2 (Del. Nov. 13, 2012).

[37] *Neal v. State*, 80 A.3d 934, 936 (Del. 2013) (quoting "*Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

[38] A450-459.

[39] A515.

As outlined above, trial counsel effectively litigated the motion to suppress. Thus, appellate counsel's performance was not deficient for failing to present the arguments raised by Mr. Spencer.

For the above reasons Defendant's Motion for Post Conviction Relief is DENIED.

**IT IS SO ORDERED**.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

/jb
cc:  *Original to the Prothonotary*